IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHNNY MICHAEL ZYBACH**, <br><br> Petitioner, <br><br> v. <br><br> **RICK ANGELOZZI**, Superintendent, Columbia River Correctional Institution, *et al*., <br><br> Respondents. | Case No. 3:09-cv-0491-YY <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on February 22, 2019. ECF 77. Magistrate Judge You recommended that Petitioner's Third Amended Petition for Writ of Habeas Corpus be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations,

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection. ECF 80. Petitioner argues that Magistrate Judge You improperly concluded that Petitioner's possession of the $370 found in Petitioner's wallet existed or occurred in conjunction with the drug offense for which Petitioner was convicted. Petitioner asserts that Magistrate Judge You merely summarized the law and then summarily concluded that the money existed in conjunction with the drugs. Petitioner argues that there is no evidence supporting that his possession of the money and his possession or delivery of the drugs were related, and Magistrate Judge You did not cite to any evidence supporting such an inference. Magistrate Judge You, however, cited an Oregon case holding that no "nexus" between the money and the drugs need be proven and another case rejecting an argument that the factors (such as possession of the money in this case) need to be related to the drugs instead of just

existing contemporaneously. ECF 77 at 7 (citing *State v. Cam*, 255 Or. App. 1, 9, *adh'd to as modified on recons.*, 256 Or. App. 146 (2013) and *State v. Moore*, 172 Or. App. 371, 382-83 (2001)). Thus, Petitioner's premise, that Magistrate Judge You was required to find a nexus or relationship between Petitioner's possession of the $370 and his possession, delivery, or manufacture of the drugs, is not well founded.

Petitioner also objects to the finding that no Certification of Appealability should be issued in this case. The Court has reviewed *de novo* those portions of Magistrate Judge You's Findings and Recommendation to which Petitioner has objected, as well as Petitioner's objections and Respondent's response. The Court agrees with Magistrate Judge You's reasoning and ADOPTS those portions of the Findings and Recommendation.

For those portions of Magistrate Judge You's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge You's Findings and Recommendation, ECF 77. Petitioner's Third Amended Petition for Writ of Habeas Corpus (ECF 52) is DENIED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 12th day of April, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge